GENERAL MOTORS CORPORATION
and Carter–Wood Motor Company,
Petitioners,

v.

Thomas Ray BREWER, individually and
as representative of the class of all own-
ers of General Motors Corporation vehi-
cles with defective restraint systems, Re-
spondent.

No. 96–0706.

Supreme Court of Texas.

Jan. 22, 1998.

Rehearing Overruled May 8, 1998.

Gael Plauché, Eugene A. Cook, Bracewell & Patterson, Houston, Ed T. Smith, Smith & Butler, Bonham, A. Erin Dwyer, Figari & Davenport, Dallas, Lee A. Schutzman, Detroit, MI, James H. Schink, Kirkland & Ellis, Chicago, IL, David M. Heilbron, Leslie G. Landau, McCutchen Doyle Brown & Enersen, San Francisco, CA, for Petitioners.

Edward Ellis, Ellis & Clark, Paris, John R. Mercy, Atchley Russell Waldrop & Hlavinka, Texarkana, David C. Turner, Bonham, Lynn A. Grisham, Waltman & Associates, Bryan, for Respondent.

PER CURIAM.

The principal question in this case is whether plaintiffs have raised a fact issue about the fitness of a certain restraint system in General Motors passenger cars for the ordinary purposes for which it is used. We hold that plaintiffs have not done so.

Thomas Brewer and others sued General Motors Corporation and a car dealership on behalf of themselves and all persons who, as of August 29, 1994, owned General Motors passenger cars manufactured since 1987 that have an automatic, non-motorized, passive, three-point restraint system employing door-mounted restraint retractors. Plaintiffs' complaint, in essence, is that such system is

designed and manufactured in such a way that a person must disengage the retractors to enter and exit the vehicle conveniently and efficiently, and that the system is therefore neither automatic nor passive. Plaintiffs claim that as a result the value of their vehicles has been diminished. Plaintiffs assert no other damage claims. Plaintiffs alleged several causes of action, including breach of the implied warranty of merchantability and breach of express warranties.

Before a class was certified, General Motors moved for summary judgment on all plaintiffs' claims, and the district court granted the motion. The court of appeals affirmed as to some claims but reversed as to others, including the warranty claims. 926 S.W.2d 774. Only General Motors appeals to this Court, and its only complaints go to the warranty claims.

 Plaintiffs' implied warranty claim is based on section 2.314 of the Uniform Commercial Code, which as applied to this case, provides that a seller of goods impliedly warrants that they "are fit for the ordinary purposes for which such goods are used". TEX. BUS. & COM.CODE § 2.314(b)(3). For goods to breach this warranty, they must be defective—that is, they must be "unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy." *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 443–444 (Tex.1989). Plaintiffs do not contend that General Motors' restraint system fails to restrain; rather, they contend:

> The seatbelt in question purports to be an automatic restraint system, which would not require the user to take any action in order to engage the system. However, it is virtually impossible for the user to enter or exit the vehicle with the seatbelt engaged. This forces the user to detach the seatbelt when exiting the vehicle. After entering, the user must re-attach the safety belt in order to utilize it, thus making this so-called automatic restraint system into a manual system.

Assuming these assertions are correct, as we must, they do not amount to a claim that the restraint system is unfit for the ordinary purposes for which it is used. If goods are defective, the seller may be liable for breach of an implied warranty, but this is not such a case. Here, the product merely fails to fulfill the precise expectations of the consumer because the product is more cumbersome to use than anticipated. A product which performs its ordinary function adequately does not breach the implied warranty of merchantability merely because it does not function as well as the buyer would like, or even as well as it could. Neither plaintiffs nor the court of appeals cite any authority in support of a claim for breach of warranty, and we are aware of none. We conclude as a matter of law that plaintiffs are not entitled to recover for breach of implied warranty.

General Motors also complains that the court of appeals erred by reversing its summary judgment on Brewer's claims for breach of express warranties. However, General Motors did not assert this as a ground for its motion for summary judgment, and we therefore do not reach it on appeal.

The court of appeals should have affirmed the summary judgment on plaintiffs' implied warranty claims. Accordingly, we grant General Motors' application for writ of error and, without hearing oral argument, modify the court of appeals' judgment to affirm summary judgment on plaintiffs' implied warranty claims. TEX.R.APP. P. 59.1