Opinion issued on December 23, 2003











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00340-CV




TROBAUGH CONSTRUCTION, INC., Appellant

V.

HOME DEPOT, USA, INC., Appellee




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2000-08813




MEMORANDUM OPINION

          Appellant, Trobaugh Construction, Inc. [hereinafter TCI], sued Home Depot,
USA, Inc. [hereinafter Home Depot], for breach of implied warranty of
merchantability. Following a bench trial, the trial court entered a take-nothing
judgment in favor of Home Depot. TCI now challenges the trial court’s findings of
fact and conclusions of law. We affirm the judgment of the trial court.
BACKGROUND
          In the underlying suit, TCI sued Home Depot for breach of warranty of
merchantability. TCI alleged that a water supply line


—purchased at Home Depot
and installed in connection with a toilet installation by TCI’s plumber—ruptured
shortly after installation and caused extensive water damage to a commercial property
that TCI was remodeling and “building out.” TCI complained that, as a result of
repairing the water damage, restoring the personal property of the building’s
commercial tenants, and paying for the tenant’s lost business during repairs, it
sustained $62,930.73 in damages.


 
          After hearing the evidence and arguments in a bench trial, the court below
entered a take-nothing judgment against TCI. TCI subsequently filed a request for
findings of fact and conclusions of law. The trial court’s findings of fact and
conclusions of law are as follows:


 
1.The [trial] Court has jurisdiction over the subject matter and the
parties to this proceeding.
 
2.TCI is in the business of construction, remodeling and build-out
of commercial property.
 
3.In the course of its business, TCI remodeled and built-out a
portion of a strip center, located at 12726 Woodforest Drive,
Houston, Harris County, Texas, for the offices of Dr. Palermo and
Dr. Webb.
 
4.As part of the remodeling and build-out, a new toilet was installed
by TCI.
 
5.A water supply line was purchased at Home Depot.
 
6.The new toilet was in use for four or five days prior to December
3, 1998.
 
7.Dr. Palermo and Dr. Webb had accepted and taken possession of
the office space.
 
8.During the night of December 3rd and 4th [sic], 1998, water
damage occurred as a result of the hose separating from the nut
that corned [sic] the hose to the tank of the toilet causing water to
spray from the hose.
 
9.TCI repaired the water damage and replaced the tenants’ damaged
property.
 
10.The cost of repairing the water damage and replacement of the
tenants’ damaged property was $62,930.73.
 
11.Home Depot was a merchant with respect to the water supply
hose and goods of that kind.
 
12.Home Depot is in the business of selling plumbing supplies.
 
13.TCI’s damages were not proximately caused by Home Depot.
 
14.TCI gave Home Depot timely notice of the breach of warranty,
the malfunction of the water supply hose and the water damage,
same having been stipulated to by Home Depot. 
 
The [trial] Court makes the following conclusions of law:
 
1.The sole cause of action against Home Depot is a breach of
implied warranty of merchantability.
 
2.TCI failed to prove by a preponderance of the evidence that a
defect existed in the water line at the time it was purchased at
Home Depot.
 
3.TCI failed in its burden of proof to show that the water line in
question was purchased at Home Depot in a defective condition.
 
4.There was no evidence regarding a defect existed [sic] in the
water line at the time it was purchased at Home Depot.
 
5.Because TCI failed in its burden of proof that a defect in the
water line existed at the time it was purchased at Home Depot,
TCI failed to prove proximate cause.
 
6.Home Depot is entitled to settlement credit in the amount of
$50,000.

          In 12 points of error, TCI challenges the trial court’s findings of fact and
conclusions of law. Specifically, TCI argues the trial court erred because the
evidence was legally and factually sufficient to show the following: there existed an
implied warranty of merchantability on the part of Home Depot as to the water line, 
a defect existed in the water line at the time it was purchased at Home Depot, the
water line was properly handled, Home Depot breached its implied warranty of
merchantability as to the water line, TCI’s damages were proximately caused by
Home Depot, and Home Depot was not entitled to a settlement credit in the amount
of $50,000. 
DISCUSSION
1.       Legal and Factual Sufficiency—Standards of Review
          Challenges to the trial court’s findings of fact and conclusions of law underlie
all of appellant’s issues on appeal. Accordingly, we address the standards that control
our review. We review conclusions of law entered after a bench trial independently
to determine their correctness from the facts found. Butler v. Arrow Mirror & Glass,
Inc., 51 S.W.3d 787, 792 (Tex. App.—Houston [1st Dist.] 2001, no pet.). We review
questions of law de novo. Id. Findings of fact in a case tried to the court have the
same force and effect as a jury’s verdict on questions and are reviewable for legal and
factual sufficiency. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991); Min v. Avila, 991 S.W.2d 495, 500 (Tex. App.—Houston [1st Dist.] 1999, no
pet.). When, as here, the appellate record contains a complete reporter’s record of the
trial, the trial court’s findings of fact are not conclusive, but subject to the same legal
and factual sufficiency challenges as govern review of jury findings. Min, 991
S.W.2d at 500. In reviewing challenges to the legal and factual sufficiency of the
evidence, we review the legal challenge first. Id.
          To analyze the legal sufficiency of the evidence to support the trial court’s
findings, we consider only the evidence and inferences that tend to support the
challenged finding and disregard all inferences to the contrary. Id. If any evidence
of probative force supports a finding, we must overrule the challenge and uphold the
finding. Id. To analyze factual sufficiency, we weigh all the evidence, both
supporting and conflicting, and may set the finding aside only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust. Id.
2.       Breach of Implied Warranty of Merchantability
          TCI’s implied warranty claim is based on section 2.314 of the Uniform
Commercial Code, which provides that a seller of goods impliedly warrants that they 
“are fit for the ordinary purposes for which such goods are used.” Tex. Bus. & Com.
Code Ann. § 2.314(b)(3) (Vernon 1994). For goods to breach this warranty, they
must be defective—that is, they must be “unfit for the ordinary purposes for which
they are used because of a lack of something necessary for adequacy.” Gen. Motors
Corp. v. Brewer, 966 S.W.2d 56, 57 (Tex. 1998) (citing Plas-Tex, Inc. v. U.S. Steel
Corp., 772 S.W.2d 442, 443-44 (Tex. 1989)). A product that performs its ordinary
function adequately does not breach the implied warranty of merchantability merely
because it does not function as well as the buyer would like, or even as well as it
could. Gen. Motors, 966 S.W.2d at 57. 
          To prevail on its claim that Home Depot breached the implied warranty of
merchantability, TCI had to prove that: 1) the water supply line was defective as unfit
for its purpose because of a lack of what was required for adequacy; 2) the alleged
defect existed when the water supply line left Home Depot’s possession; and 3) the
alleged defect proximately caused the injuries for which TCI sought damages. See
Roventini v. Ocular Sciences, Inc., 111 S.W.3d 719, 723 (Tex. App.—Houston [1st
Dist.] 2003, no pet.) (citing Plas-Tex., Inc., 772 S.W.2d at 444; Harris Packaging
Corp. v. Baker Concrete Constr. Co., 982 S.W.2d 62, 66 (Tex. App.—Houston [1st
Dist.] 1998, pet. denied)). 
          We address causation first because it is dispositive. See Hyundai Motor Co.
v. Rodriguez, 995 S.W.2d 661, 667 (Tex. 1999) (liability for breach of warranty
requires a showing of proximate cause–that is, “but for” causation and
foreseeability).


 In its tenth and eleventh points of error, TCI contends that 1) the trial
court erred by finding TCI’s damages were not proximately caused by Home Depot
because TCI proved that its damages were proximately caused by Home Depot as a
matter of law; and 2) the trial court’s finding that TCI’s damages were not
proximately caused by Home Depot is against the great weight and preponderance of
the evidence. 
          TCI claims that the only source of water that flooded the offices was the
defective water line, and, consequently, but for the water line having failed, there
would not have been flooding in the offices. Specifically, TCI alleges that “[b]ut for
the water line being defective and separating [from the nut on the bottom of the toilet]
as it did, this incident would not have happened.” TCI’s owner, John Trobaugh,
however, testified that other scenarios could have caused the separation of the water
line from the toilet. For example, Trobaugh stated that in order to properly install a
water line, a plumber must have the expertise to 1) correctly tighten the nut to the
toilet; 2) make sure that the gasket is properly seated; and 3) make sure there are no
obvious defects. Significantly, Trobaugh admitted that if his plumber tightened the
water supply line too tightly, or, if he didn’t tighten it enough, the hose could have
become separated.


 
 
          In our legal sufficiency review of the trial court’s finding that TCI’s damages
were not proximately caused by Home Depot, we consider only the evidence and
inferences that tend to support the finding. We conclude that Trobaugh’s
testimony—admitting there were other factors that could have caused the water
supply line to separate from the toilet—is some evidence of probative force that
supports the challenged finding. Accordingly, the trial court’s finding that TCI’s
damages were not proximately caused by Home Depot is legally sufficient, and, thus,
we overrule TCI’s tenth point of error.
          Neither do we find the evidence to be factually insufficient. In our factual
sufficiency analysis of the trial court’s finding that TCI’s damages were not
proximately caused by Home Depot, we weigh all the evidence, both supporting and
conflicting, and set aside the finding only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and manifestly unjust. See Min, 991
S.W.2d at 500. Even assuming arguendo, that a defect existed in the water line when
it was purchased at Home Depot, TCI failed to prove that the defective water line
proximately caused its damages. 
          As evidence of causation, TCI first offered the testimony of David Sutton, the
first to arrive at the scene of the flood. Sutton testified that he entered the flooded
offices and found the source of the water to be the fill hose for the toilet, which
“appeared to be pulled loose and blowing water at quite a high pressure.” Sutton
further testified that the hose had broken loose from the toilet, and, that the hose
“looked broken.”


 Next, Trobaugh testified that no other leak was present in any of
the offices that flooded. Trobaugh also testified that there was no leaking in the
plumbing, no toilet overflow, no sink overflow, and no drain back up Trobaugh
further testified that the flood occurred because “[t]his hose separated from the nut
on the bottom of the toilet and just stayed on constantly.” 
          As discussed above, however, Trobaugh admitted that other scenarios could
have caused the separation of the water supply line from the toilet, including an
improperly installed toilet. We conclude that the trial court’s finding that TCI’s
damages were not proximately caused by Home Depot is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly unjust,
and, thus, we overrule TCI’s eleventh point of error. 
CONCLUSION
          Because our holdings on TCI’s tenth and eleventh points of error are
dispositive of the appeal, we decline to address the remaining points of error. We
affirm the trial court’s judgment.
 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.