Opinion issued December 20, 2007





                                                                                                                                              





In The 
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00823-CV
  __________
 
LARRY GENE MOTT AND CHERYL ANN MOTT, Appellants

V.

 RED’S SAFE AND LOCK SERVICES, INC. D/B/A RED’S HARDWARE
AND SECURITY, AND RED’S TRUE VALUE HARDWARE, Appellees
 

 
 
On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2004-52093
 

 
 
OPINION
          In this appeal, Larry Gene and Cheryl Ann Mott present two issues challenging
the trial court’s grant of two no-evidence motions for judgment against them for
claims against Red’s Safe and Lock Services, Inc., d/b/a Red’s Hardware and Security,
and Red’s True Value Hardware (collectively “Red’s”) involving an allegedly
defective product. The Motts argue that their response to the first motion for summary
judgment raised more than a scintilla of evidence on the challenged elements of their
negligence claim. They also assert that the second no-evidence motion for summary
judgment was deficient as a matter of law, and, alternatively, allege that their response
raised more than a scintilla of evidence on the elements challenged by the second
motion. We reverse the trial court’s grant of Red’s no-evidence motions for summary
judgment and remand the case for further proceedings.
Background
          On September 21, 2002, Cheryl rented an Easy Rooter from Red’s, for her
husband, Larry, to use in unclogging the sewer line running to their house. Cheryl
claims that the only instructions or warnings given to her by Red’s was that the Easy
Rooter was operated by a foot pedal and had an on/off toggle switch. Cheryl brought
the Easy Rooter home, and she and Larry unloaded it and placed it in their backyard. 
Larry testified that he plugged the Easy Rooter into a grounded outlet in his garage
using a three-prong extension cord. He stepped on the foot pedal to see if the machine
would run, and it did. He then removed his foot from the foot pedal, knelt down,
either on dry grass or on a piece of plywood, and grabbed the head of the drill bit of
the Easy Rooter with his right hand. Larry alleges that, as soon as he grabbed the drill
bit, he received a severe electrical shock. After the shock, he fell to the ground and
called to Cheryl for help. An emergency room X-ray showed that a bone in Larry’s
shoulder had been shattered, and he underwent shoulder surgery a few days later.
          On September 21, 2004, Larry and Cheryl filed a petition against Red’s for
negligently renting a defective product that was unsafe and caused their injuries.


 The
Motts also sued the manufacturer of the Easy Rooter, General Wire Spring Company,
but later nonsuited them. Red’s filed a no-evidence motion for summary judgment,
arguing that there was no evidence that the Easy Rooter was defective, and, therefore,
no evidence that Red’s breached a duty to the Motts. Red’s also asserted that there
was no evidence that the Motts were injured by any actions or omissions of Red’s. 
The Motts filed a response to Red’s no-evidence motion for summary judgment and
amended their original petition, alleging additional claims against Red’s under
products liability, breach of the implied warranties of merchantability and fitness for
a particular purpose, and the Texas Deceptive Trade Practices Act (“DTPA”). The
trial court granted Red’s motion for summary judgment on the Motts’ negligence
claim. Red’s then filed a second no-evidence motion for summary judgment,
challenging the Motts’ additional claims. The Motts filed a response and also
supplemented their amended petition by pleading res ipsa loquitur in connection with
their negligence and strict products-liability claims. The trial court granted Red’s
second no-evidence motion, which was dispositive of the Motts’ remaining claims. 
The Motts now appeal. No-Evidence Summary Judgment
          In their first issue, the Motts argue that the trial court erred in granting Red’s
first no-evidence motion for summary judgment. Specifically, the Motts contend that
their response clearly raised more than a scintilla of evidence on the challenged
elements of their negligence claim. In their second issue, the Motts assert that the trial
court erred in granting Red’s second no-evidence motion for summary judgment. 
They allege that this motion was deficient as a matter of law, because it failed to
challenge specifically any element of their claims. Alternatively, the Motts argue that
the summary judgment evidence that they produced affirmatively raised more than a
scintilla of evidence on the elements of their products-liability, breach of implied
warranty, and DTPA claims that Red’s attempted to challenge. 
Standard of Review
          To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party’s cause of action.
Tex. R. Civ. P. 166a(i); Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94,
99 (Tex. 2004). We review a no-evidence summary judgment under the same legal
sufficiency standard used to review a directed verdict. Boaz v. Boaz, 221 S.W.3d 126,
130 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Although the non-movant need
not marshal its proof, it must present evidence that raises a genuine issue of material
fact on each of the challenged elements. Tex. R. Civ. P. 166a(i); Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence summary judgment
motion may not properly be granted if the non-movant brings forth more than a
scintilla of evidence to raise a genuine issue of material fact on the challenged
elements. Ridgway, 135 S.W.3d at 600. More than a scintilla of evidence exists when
the evidence “rises to a level that would enable reasonable and fair-minded people to
differ in their conclusions.” Merrell Dow Pharms., Inc. v. Havner, 953 S .W.2d 706,
711 (Tex. 1997).
First No-Evidence Motion for Summary Judgment
          In their first issue, the Motts argue that the trial court erred in granting Red’s
first no-evidence motion for summary judgment. Red’s first motion challenged the
Motts’ negligence claim, asserting that there was (1) no evidence that Red’s breached
a duty to the Motts because there was no evidence that the Easy Rooter was defective
and (2) no evidence that the Motts were damaged by the actions or omissions of Red’s. 
Because Red’s no-evidence motion properly challenged elements of the Mott’s
negligence claim, the Motts bore the burden of producing more than a scintilla of
evidence as to the challenged elements of their negligence claim. See Ridgway, 135
S.W.3d at 600. 
          Breach 
          We begin by reviewing the Motts’ summary judgment evidence concerning the
breach prong of their negligence claim. In his affidavit and deposition, Larry testified
that he plugged the Easy Rooter into an extension cord, which he inserted into a
grounded outlet in his garage. He stated that he tested the machine, turned it off, and
then received an electrical shock when he grabbed the drill bit head. Additionally, the
Motts presented the affidavit of their electrical expert, Robert E. Thornborrow, who
testified that he tested the extension cord used by Larry and found it fully operable
without any flaws. Thornborrow stated that he examined the electrical outlet into
which the extension cord was plugged and found it to be grounded. He also found that
the hot wire and neutral wire were reversed in the outlet, but noted that such a reversal
would not affect the powering of the Easy Rooter or explain Larry’s shock. The Motts
also attached a part of the deposition testimony of General Wire Chief Executive
Officer, Arthur Silverman, who testified that he did not expect people to be shocked
when using an Easy Rooter. The Motts contend that, because this evidence shows that
Larry was shocked, even though he properly attempted to use the Easy Rooter, the
machine was defective. 
          Circumstantial evidence can be used to establish an issue of material fact as to
a product defect. See id. at 601. To raise a genuine issue of material fact, however,
the evidence must transcend mere suspicion. Id. Evidence that is so slight as to make
any inference a guess is in legal effect no evidence. Id. While Larry admitted during
his deposition that his allegation that the machine was defective was based solely on
the fact that he was shocked, “[e]vidence of proper use of the goods together with a
malfunction may be sufficient evidence of a defect.” See Plas-Tex, Inc. v. U.S. Steel
Corp., 772 S.W.2d 442, 444–45 (Tex. 1989); see also Parsons v. Ford Motor Co., 85
S.W.3d 323, 329–30 (Tex. App.—Austin 2002, pet. denied). 
           The Motts produced more than a scintilla of evidence that a malfunction
occurred after Larry properly set up the Easy Rooter. Because such evidence may be
circumstantial evidence of a product defect, we hold that the Motts raised a genuine
issue of material fact as to whether Red’s breached a duty to the Mott’s by renting
them a defective Easy Rooter. 
          Damages
          We next address whether the trial court erred in granting summary judgment on
Red’s assertion that there is no evidence that the Motts were damaged by the actions
or omissions of Red’s. This is a challenge to the causation element of the Motts’
negligence claim. The components of proximate cause are cause in fact and
foreseeability. Thomas v. CNC Investments, L.L.P., 234 S.W.3d 111, 124 (Tex.
App.—Houston [1st Dist.] 2007, no pet.). These elements cannot be established by
mere conjecture, guess, or speculation. Id. The test for cause in fact is whether the
negligent “act or omission was a substantial factor in bringing about injury,” without
which the harm would not have occurred. Id. (quoting Prudential Ins. Co. v. Jefferson
Assocs., Ltd., 896 S.W.2d 156, 161 (Tex. 1995)). Here, Red’s no-evidence motion
challenged only the cause in fact component of proximate cause. Therefore, the Motts
had the burden of raising a genuine issue of material fact on whether a negligent act
or omission of Red’s was a substantial factor in bringing about their injuries, without
which the harm would not have occurred.In his sworn affidavit, Larry testified that, after being shocked by the Easy
Rooter, his “left shoulder was severely injured which resulted in surgery . . . within the
next several weeks.” Likewise, in his deposition, Larry gave a detailed account of
how he was shocked and the subsequent medical treatment that he received, which
included shoulder surgery a few days after the incident. 
We have already held that the Motts raised a genuine issue of material fact as
to the breach element of their negligence claim, specifically, as to the issue of the
defectiveness of the Easy Rooter. Because the Motts’ summary judgment evidence
also raises a fact question as to whether Larry was injured by a shock he received from
the Easy Rooter, the Motts produced more than a scintilla of evidence as to whether
Red’s rental of a defective Easy Rooter was a substantial factor in causing Larry’s
shock, without which, the harm would not have occurred. Therefore, because the
Motts raised a genuine issue of material fact as to the challenged elements of their
negligence claim, we hold that the trial court erred in granting Red’s partial summary
judgment.


          Red’s first issue is sustained. 
Second No-Evidence Motion for Summary Judgment 
          In their second issue, the Motts assert that the trial court erred in granting Red’s
second no-evidence motion for summary judgment. In its second motion, Red’s
asserted that the trial court should grant summary judgment as to the Motts’ remaining
claims because 
no evidence whatsoever has been offered to show that [the Easy Rooter]
was unfit for the purposes for which it was intended so as to create
liability on behalf of [Red’s] under their later pled theories of products
liability, breach of implied warranty, and/or [DTPA]. Furthermore, there
is no evidence that the plaintiffs were damaged by any alleged actions
and/or omission of [Red’s]. 

          In their response to the motion, the Motts argued that the motion did not
specifically set forth the elements of the claims for which Red’s was asserting there
is no evidence. See Tex. R. Civ. P. 166a(i). Alternatively, the Motts, after stating
what they best perceived Red’s challenge to be, produced summary judgment evidence
in response to the presumably challenged elements of their claims. 
          Sufficient Challenge
          We begin by addressing the Motts’ contention that Red’s second no-evidence
motion was insufficient for failing to challenge specifically any elements of their
claims. Red’s argues that, because the Motts’ response addressed the no-evidence
challenges Red’s was making, they clearly understood what elements of their claims
were being challenged. We interpret this argument to mean that, because the Motts
had fair notice of what elements Red’s was challenging in its motion, the motion was
sufficient. 
          Rule 166a(i) states that “[t]he motion must state the elements as to which there
is no evidence.” Tex. R. Civ. P. 166a(i) (emphasis added). Moreover, a comment to
Rule 166a(i), which “is intended to inform the construction and application of the
rule,” states: “The motion must be specific in challenging the evidentiary support for
an element of a claim or defense; paragraph (i) does not authorize conclusory motions
or general no-evidence challenges to an opponent’s case.” Tex. R. Civ. P. 166a, 1997
cmt. (emphasis added). A no-evidence challenge that only generally challenges the
sufficiency of the non-movant’s case and fails to state specific elements is
fundamentally defective and insufficient to support summary judgment as a matter of
law. See Weaver v. Highlands Ins. Co., 4 S.W.3d 826, 829 n.2 (Tex. App.—Houston
[1st Dist.] 1999, no pet.); see also Roventini v. Ocular Sciences, Inc., 111 S.W.3d 719,
722 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (noting that the “motion must
specify which essential elements of the opponent’s claim or defense lack supporting
evidence”). Because Rule 166a(i) uses the unconditional term “must” in expressly
directing no-evidence summary judgment movants to state the elements as to which
there is no evidence, we decline to extend a “fair notice” exception to the elements
requirement of a no-evidence motion for summary judgment. See Callaghan Ranch,
Ltd. v. Killam, 53 S.W.3d 1, 4 (Tex. App.—San Antonio 2000, pet. denied).
          We begin by reviewing the sufficiency of Red’s challenge that there is no
evidence that the Easy Rooter “was unfit for the purposes for which it was intended
so as to create liability . . . under . . . products liability, breach of implied warranty,
and/or [DTPA].” One of the elements of a products-liability claim that a plaintiff must
prove is that the product was in a defective or unreasonably dangerous condition. 
Houston Lighting & Power Co. v. Reynolds, 765 S.W.2d 784, 785 (Tex. 1988). 
However, whether a product is unfit for its intended purpose is not an element of
products liability and is a significantly different question than whether a product is
unreasonably dangerous. See Plas-Tex, 772 S.W.2d at 444 (warning that
“[p]ractitioners—as well as the courts—should exercise care to see that these terms
are used precisely”). A product can be unreasonably dangerous while at the same time
fit for its intended purposes. See Everett v. TK-Taito, L.L.C., 178 S.W.3d 844, 854
(Tex. App.—Fort Worth 2005, no pet.). Therefore, we hold that Red’s motion was
insufficient to challenge the “defective or unreasonably dangerous condition” element
of the Motts’ products-liability claim.
          We next determine whether Red’s challenge that “there was no evidence that
the Easy Rooter was unfit for the purposes for which it was intended” sufficiently
challenged an element of the Motts’ claims for breach of the implied warranties of
merchantability and fitness for a particular purpose. An essential element of the
implied warranty claims is showing that a breach of the warranty occurred. Tex. Bus.
& Com. Code Ann. § 2.314 cmt. 13 (Vernon 1994) (“In an action based on breach of
warranty, it is of course necessary to show . . . that the warranty was broken.”). A
plaintiff can show that an implied warranty of merchantability was broken by showing
the goods were not “fit for the ordinary purposes for which such goods are used.” Id.
§ 2.314(b)(3). Likewise, a plaintiff shows that the implied warranty of fitness for a
particular purpose was breached by showing the goods were unfit for the particular
purpose for which they were intended. See id. § 2.315. We hold that Red’s motion
was sufficient to challenge the breach element of the Motts’ implied warranty claims. 
Furthermore, because the Motts’ DTPA claim is based upon the breach of these
implied warranties, Red’s also sufficiently challenged the breach element of their
DTPA claim. Cf. Ketter v. ESC Medical Systems, Inc., 169 S.W.3d 791, 796 (Tex.
App.—Dallas 2005, no pet.) (noting that, because the “product’s merchantability is a
necessary part of the . . . warranty [claim] under both the UCC and the DTPA,” “there
is no relevant distinction between [the] UCC and DTPA breach-of-warranty claims”). 
          We next review the sufficiency of Red’s challenge that there is no evidence that
the Motts “were damaged by any alleged actions and/or omissions of [Red’s].” Under
a products-liability or DTPA claim, a plaintiff must prove that the defendant’s failure
was a producing cause of the plaintiff’s injuries. See Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 649 (Tex. 1996); General Motors Corp. v. Saenz, 873 S.W.2d 353,
357 (Tex. 1993). Under a breach of implied warranty claim, “it is . . . necessary to
show . . . that the breach of the warranty was the proximate cause of the loss
sustained.” Tex. Bus. & Com. Code Ann. § 2.314 cmt. 13. However, both proximate
cause and producing cause require a plaintiff to prove that the defendant was the cause
in fact of the plaintiff’s injuries. See Saenz, 873 S.W.2d at 357. Once again, the test
for cause in fact is whether the negligent “act or omission was a substantial factor in
bringing about injury,” without which the harm would not have occurred. Thomas,
234 S.W.3d at 124. Therefore, we hold that, by asserting that there is no evidence that
the Motts’ injuries stem from Red’s acts or omissions, Red’s sufficiently challenged
the causation element of the Motts’ products-liability, breach of implied warranty, and
DTPA claims.
          Sufficient Evidence
          Having held that Red’s second no-evidence motion for summary judgment
sufficiently challenged the breach element of the Motts’ breach of implied warranty
and DTPA claims and the causation element of the Motts’ products-liability, breach
of implied warranty, and DTPA claims, we now must determine whether the Motts
produced more than a scintilla of evidence as to the challenged elements. 
          We begin by determining whether the Motts raised a genuine issue of material
fact as to Red’s challenge to the breach element of their implied warranty claims. The
Motts specifically addressed the challenge made to their claim for breach of the
implied warranty of fitness for a particular purpose, stating that the relevant issue is
whether “the Easy Rooter was fit for its intended purpose of cleaning out Mr. Mott’s
sewer line and not whether it was defective.” They asserted that the Easy Rooter was
clearly not fit for its intended purpose of cleaning their sewer line, because Larry
received an electrical shock when he attempted to use it. In their response, the Motts
included evidence that Larry was shocked as he attempted to use the Easy Rooter. 
Because this evidence raises a genuine issue of material fact on whether the machine
was fit for its intended purpose, we hold that the trial court erred in granting summary
judgment as to the Motts’ breach of implied warranty of fitness for a particular
purpose claim. 
          As for their claim for breach of the implied warranty of merchantability, the
Motts’ did not specifically address this warranty, but instead claimed that the Easy
Rooter in question was defective. In support, they direct us to the same evidence that
they used in their response to Red’s first no-evidence motion for summary judgment
to show that the Easy Rooter was defective. For goods to breach the implied warranty
of merchantability, they must be defective, that is, they must be “unfit for the ordinary
purposes for which they are used because of a lack of something necessary for
adequacy.” General Motors Corp. v. Brewer, 966 S.W.2d 56, 57 (Tex. 1998) (quoting
Plas-Tex, 772 S.W.2d at 443–44). The Motts’ produced some evidence showing that
Larry was shocked when he attempted to use the Easy Rooter. Shocking its operator
renders a machine defective and lacking “something necessary for adequacy.” See id. 
Thus, we hold that the trial court erred in granting summary judgment as to the Motts’
breach of implied warranty of merchantability claim. Because the trial court erred in
granting summary judgment as to both of the Motts’ implied warranty claims, it also
erred in granting summary judgment as to their DTPA claims based on the breach of
the implied warranties. 
          We next decide whether the Motts raised a genuine issue of material fact as to
the cause in fact portion of the causation element of their claims. In responding to this
challenge, the Motts directed the trial court to the same evidence that they presented
in their response to Red’s first no-evidence motion. We held that this evidence was
sufficient to raise a fact issue as to the causation element of the Motts’ negligence
claim and, likewise, hold that it is sufficient to raise a genuine issue of material fact
as to whether Red’s rental of a defective Easy Rooter was a substantial factor in
causing Larry’s shock, without which, the harm would not have occurred, under the
Motts’ products-liability, breach of implied warranty of fitness for a particular
purpose, and DTPA claims. See Thomas, 234 S.W.3d at 124.
          Accordingly, we hold that Red’s second no-evidence motion for summary
judgment was insufficient to challenge the breach element of the Motts’ products-liability claim and that the trial court erred in granting Red’s second no-evidence
motion, because the Motts raised a question of fact concerning the causation element
of their products liability claim, as well as the breach and causation elements of their
breach of implied warranties and DTPA claims. 
          The Motts’ second issue is sustained.
Conclusion
          We reverse the trial court’s order granting Red’s first and second no-evidence
motions for summary judgment. We remand this case for further proceedings
consistent with our opinion. 
                                                                        
George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Taft, Hanks, and Higley.