**Larry Gene MOTT and Cheryl Ann Mott, Appellants,**

v.

**RED'S SAFE AND LOCK SERVICES, INC. d/b/a Red's Hardware and Security, and Red's True Value Hardware, Appellees.**

No. 01–06–00823–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 20, 2007.

---

John D. Wittenmyer, LeBoeuf & Wittenmyer, Robert E. Talton, Houston, for appellants.

Alfred H. Bennett, Law Office of Alfred H. Bennett, Houston, for appellees.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

In this appeal, Larry Gene and Cheryl Ann Mott present two issues challenging the trial court's grant of two no-evidence motions for judgment against them for claims against Red's Safe and Lock Services, Inc., d/b/a Red's Hardware and Security, and Red's True Value Hardware (collectively "Red's") involving an allegedly defective product. The Motts argue that their response to the first motion for summary judgment raised more than a scintilla of evidence on the challenged elements of their negligence claim. They also assert that the second no-evidence motion for summary judgment was deficient as a matter of law, and, alternatively, allege that their response raised more than a scintilla of evidence on the elements challenged by the second motion. We reverse the trial court's grant of Red's no-evidence motions for summary judgment and remand the case for further proceedings.

### Background

On September 21, 2002, Cheryl rented an Easy Rooter from Red's, for her husband, Larry, to use in unclogging the sewer line running to their house. Cheryl claims that the only instructions or warnings given to her by Red's was that the Easy Rooter was operated by a foot pedal and had an on/off toggle switch. Cheryl brought the Easy Rooter home, and she and Larry unloaded it and placed it in their backyard. Larry testified that he plugged the Easy Rooter into a grounded outlet in his garage using a three-prong extension cord. He stepped on the foot pedal to see if the machine would run, and it did. He then removed his foot from the foot pedal, knelt down, either on dry grass or on a piece of plywood, and grabbed the head of the drill bit of the Easy Rooter with his right hand. Larry alleges that, as soon as he grabbed the drill bit, he received a severe electrical shock. After the shock, he fell to the ground and called to Cheryl for help. An emergency room X-ray showed that a bone in Larry's shoulder had been shattered, and he underwent shoulder surgery a few days later.

On September 21, 2004, Larry and Cheryl filed a petition against Red's for negligently renting a defective product that was unsafe and caused their injuries.[1] The Motts also sued the manufacturer of the Easy Rooter, General Wire Spring Company, but later nonsuited them. Red's filed a no-evidence motion for summary judgment, arguing that there was no evidence that the Easy Rooter was defective, and, therefore, no evidence that Red's breached a duty to the Motts. Red's also asserted that there was no evidence that the Motts were injured by any actions or omissions of Red's. The Motts filed a response to Red's no-evidence motion for summary judgment and amended their original petition, alleging additional claims against Red's under products liability, breach of the implied warranties of merchantability and fitness for a particular purpose, and the Texas Deceptive Trade Practices Act ("DTPA"). The trial court granted Red's motion for summary judgment on the Motts' negligence claim. Red's then filed

---

1. Cheryl asserted a loss of consortium claim.

a second no-evidence motion for summary judgment, challenging the Motts' additional claims. The Motts filed a response and also supplemented their amended petition by pleading *res ipsa loquitur* in connection with their negligence and strict products-liability claims. The trial court granted Red's second no-evidence motion, which was dispositive of the Motts' remaining claims. The Motts now appeal.

### No–Evidence Summary Judgment

In their first issue, the Motts argue that the trial court erred in granting Red's first no-evidence motion for summary judgment. Specifically, the Motts contend that their response clearly raised more than a scintilla of evidence on the challenged elements of their negligence claim. In their second issue, the Motts assert that the trial court erred in granting Red's second no-evidence motion for summary judgment. They allege that this motion was deficient as a matter of law, because it failed to challenge specifically any element of their claims. Alternatively, the Motts argue that the summary judgment evidence that they produced affirmatively raised more than a scintilla of evidence on the elements of their products-liability, breach of implied warranty, and DTPA claims that Red's attempted to challenge.

### Standard of Review

To prevail on a no-evidence summary judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's cause of action. Tex.R. Civ. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex.2004). We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Boaz v. Boaz*, 221 S.W.3d 126, 130 (Tex.App.-Houston [1st Dist.] 2006, no pet.). Although the non-movant need not marshal its proof, it must present evidence that raises a genuine issue of material fact on each of the challenged elements. Tex.R. Civ. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004). A no-evidence summary judgment motion may not properly be granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *Ridgway*, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

### First No–Evidence Motion for Summary Judgment

In their first issue, the Motts argue that the trial court erred in granting Red's first no-evidence motion for summary judgment. Red's first motion challenged the Motts' negligence claim, asserting that there was (1) no evidence that Red's breached a duty to the Motts because there was no evidence that the Easy Rooter was defective and (2) no evidence that the Motts were damaged by the actions or omissions of Red's. Because Red's no-evidence motion properly challenged elements of the Mott's negligence claim, the Motts bore the burden of producing more than a scintilla of evidence as to the challenged elements of their negligence claim. *See Ridgway*, 135 S.W.3d at 600.

### Breach

We begin by reviewing the Motts' summary judgment evidence concerning the breach prong of their negligence claim. In his affidavit and deposition, Larry testified that he plugged the Easy Rooter into an extension cord, which he inserted into a grounded outlet in his garage. He stated that he tested the machine, turned it off,

and then received an electrical shock when he grabbed the drill bit head. Additionally, the Motts presented the affidavit of their electrical expert, Robert E. Thornborrow, who testified that he tested the extension cord used by Larry and found it fully operable without any flaws. Thornborrow stated that he examined the electrical outlet into which the extension cord was plugged and found it to be grounded. He also found that the hot wire and neutral wire were reversed in the outlet, but noted that such a reversal would not affect the powering of the Easy Rooter or explain Larry's shock. The Motts also attached a part of the deposition testimony of General Wire Chief Executive Officer, Arthur Silverman, who testified that he did not expect people to be shocked when using an Easy Rooter. The Motts contend that, because this evidence shows that Larry was shocked, even though he properly attempted to use the Easy Rooter, the machine was defective.

Circumstantial evidence can be used to establish an issue of material fact as to a product defect. *See id.* at 601. To raise a genuine issue of material fact, however, the evidence must transcend mere suspicion. *Id.* Evidence that is so slight as to make any inference a guess is in legal effect no evidence. *Id.* While Larry admitted during his deposition that his allegation that the machine was defective was based solely on the fact that he was shocked, "[e]vidence of proper use of the goods together with a malfunction may be sufficient evidence of a defect." *See Plas-Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 444–45 (Tex.1989); *see also Parsons v. Ford Motor Co.,* 85 S.W.3d 323, 329–30 (Tex.App.-Austin 2002, pet. denied).

The Motts produced more than a scintilla of evidence that a malfunction occurred after Larry properly set up the Easy Rooter. Because such evidence may be circumstantial evidence of a product defect, we hold that the Motts raised a genuine issue of material fact as to whether Red's breached a duty to the Mott's by renting them a defective Easy Rooter.

**Damages**

We next address whether the trial court erred in granting summary judgment on Red's assertion that there is no evidence that the Motts were damaged by the actions or omissions of Red's. This is a challenge to the causation element of the Motts' negligence claim. The components of proximate cause are cause in fact and foreseeability. *Thomas v. CNC Investments, L.L.P.,* 234 S.W.3d 111, 124 (Tex.App.-Houston [1st Dist.] 2007, no pet.). These elements cannot be established by mere conjecture, guess, or speculation. *Id.* The test for cause in fact is whether the negligent "act or omission was a substantial factor in bringing about injury," without which the harm would not have occurred. *Id.* (quoting *Prudential Ins. Co. v. Jefferson Assocs., Ltd.,* 896 S.W.2d 156, 161 (Tex.1995)). Here, Red's no-evidence motion challenged only the cause in fact component of proximate cause. Therefore, the Motts had the burden of raising a genuine issue of material fact on whether a negligent act or omission of Red's was a substantial factor in bringing about their injuries, without which the harm would not have occurred.

In his sworn affidavit, Larry testified that, after being shocked by the Easy Rooter, his "left shoulder was severely injured which resulted in surgery ... within the next several weeks." Likewise, in his deposition, Larry gave a detailed account of how he was shocked and the subsequent medical treatment that he received, which included shoulder surgery a few days after the incident.

We have already held that the Motts raised a genuine issue of material fact as to the breach element of their negligence claim, specifically, as to the issue of the defectiveness of the Easy Rooter. Because the Motts' summary judgment evidence also raises a fact question as to whether Larry was injured by a shock he received from the Easy Rooter, the Motts produced more than a scintilla of evidence as to whether Red's rental of a defective Easy Rooter was a substantial factor in causing Larry's shock, without which, the harm would not have occurred. Therefore, because the Motts raised a genuine issue of material fact as to the challenged elements of their negligence claim, we hold that the trial court erred in granting Red's partial summary judgment.[2]

Red's first issue is sustained.

### Second No–Evidence Motion for Summary Judgment

In their second issue, the Motts assert that the trial court erred in granting Red's second no-evidence motion for summary judgment. In its second motion, Red's asserted that the trial court should grant summary judgment as to the Motts' remaining claims because

> no evidence whatsoever has been offered to show that [the Easy Rooter] was unfit for the purposes for which it was intended so as to create liability on behalf of [Red's] under their later pled theories of products liability, breach of implied warranty, and/or [DTPA]. Furthermore, there is no evidence that the plaintiffs were damaged by any alleged actions and/or omission of [Red's].

In their response to the motion, the Motts argued that the motion did not specifically set forth the elements of the claims for which Red's was asserting there is no evidence. *See* Tex.R. Civ. P. 166a(i). Alternatively, the Motts, after stating what they best perceived Red's challenge to be, produced summary judgment evidence in response to the presumably challenged elements of their claims.

### Sufficient Challenge

We begin by addressing the Motts' contention that Red's second no-evidence motion was insufficient for failing to challenge specifically any elements of their claims. Red's argues that, because the Motts' response addressed the no-evidence challenges Red's was making, they clearly understood what elements of their claims were being challenged. We interpret this argument to mean that, because the Motts had fair notice of what elements Red's was challenging in its motion, the motion was sufficient.

Rule 166a(i) states that "[t]he motion *must* state the elements as to which there is no evidence." Tex.R. Civ. P. 166a(i) (emphasis added). Moreover, a comment to Rule 166a(i), which "is intended to inform the construction and application of the rule," states: "The motion *must* be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." Tex.R. Civ. P. 166a, 1997 cmt. (emphasis added).

---

**2.** We recognize Red's argument that the deposition testimony of Red's rental manager, Roland Palomares, which Red's attached to its reply to the Motts' response, is evidence that the Easy Rooter was not defective. Palomares testified that Red's has rented Easy Rooters thousands of times without complaint of a shock and that the Easy Rooter in question passed operation tests both before and directly following the Motts' rental. However, we agree with the Motts that such testimony is additional evidence that a dispute exists concerning the defectiveness of the Easy Rooter upon which reasonable minds may differ.

A no-evidence challenge that only generally challenges the sufficiency of the non-movant's case and fails to state specific elements is fundamentally defective and insufficient to support summary judgment as a matter of law. *See Weaver v. Highlands Ins. Co.,* 4 S.W.3d 826, 829 n. 2 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *see also Roventini v. Ocular Sciences, Inc.,* 111 S.W.3d 719, 722 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (noting that the "motion must specify which essential elements of the opponent's claim or defense lack supporting evidence"). Because Rule 166a(i) uses the unconditional term "must" in expressly directing no-evidence summary judgment movants to state the elements as to which there is no evidence, we decline to extend a "fair notice" exception to the elements requirement of a no-evidence motion for summary judgment. *See Callaghan Ranch, Ltd. v. Killam,* 53 S.W.3d 1, 4 (Tex.App.-San Antonio 2000, pet. denied).

■■■■ We begin by reviewing the sufficiency of Red's challenge that there is no evidence that the Easy Rooter "was unfit for the purposes for which it was intended so as to create liability ... under ... products liability, breach of implied warranty, and/or [DTPA]." One of the elements of a products-liability claim that a plaintiff must prove is that the product was in a defective or unreasonably dangerous condition. *Houston Lighting & Power Co. v. Reynolds,* 765 S.W.2d 784, 785 (Tex. 1988). However, whether a product is unfit for its intended purpose is not an element of products liability and is a significantly different question than whether a product is unreasonably dangerous. *See Plas–Tex,* 772 S.W.2d at 444 (warning that "[p]ractitioners—as well as the courts—should exercise care to see that these terms are used precisely"). A product can be unreasonably dangerous while at the same time fit for its intended purposes. *See Everett v. TK–Taito, L.L.C.,* 178 S.W.3d 844, 854 (Tex.App.-Fort Worth 2005, no pet.). Therefore, we hold that Red's motion was insufficient to challenge the "defective or unreasonably dangerous condition" element of the Motts' products-liability claim.

■■■■ We next determine whether Red's challenge that "there was no evidence that the Easy Rooter was unfit for the purposes for which it was intended" sufficiently challenged an element of the Motts' claims for breach of the implied warranties of merchantability and fitness for a particular purpose. An essential element of the implied warranty claims is showing that a breach of the warranty occurred. TEX. BUS. & COM.CODE ANN. § 2.314 cmt. 13 (Vernon 1994) ("In an action based on breach of warranty, it is of course necessary to show ... that the warranty was broken."). A plaintiff can show that an implied warranty of merchantability was broken by showing the goods were not "fit for the ordinary purposes for which such goods are used." *Id.* § 2.314(b)(3). Likewise, a plaintiff shows that the implied warranty of fitness for a particular purpose was breached by showing the goods were unfit for the particular purpose for which they were intended. *See id.* § 2.315. We hold that Red's motion was sufficient to challenge the breach element of the Motts' implied warranty claims. Furthermore, because the Motts' DTPA claim is based upon the breach of these implied warranties, Red's also sufficiently challenged the breach element of their DTPA claim. *Cf. Ketter v. ESC Medical Systems, Inc.,* 169 S.W.3d 791, 796 (Tex. App.-Dallas 2005, no pet.) (noting that, because the "product's merchantability is a necessary part of the ... warranty [claim] under both the UCC and the DTPA," "there is no relevant distinction between

[the] UCC and DTPA breach-of-warranty claims").

■ We next review the sufficiency of Red's challenge that there is no evidence that the Motts "were damaged by any alleged actions and/or omissions of [Red's]." Under a products-liability or DTPA claim, a plaintiff must prove that the defendant's failure was a producing cause of the plaintiff's injuries. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex.1996); *General Motors Corp. v. Saenz*, 873 S.W.2d 353, 357 (Tex.1993). Under a breach of implied warranty claim, "it is ... necessary to show ... that the breach of the warranty was the proximate cause of the loss sustained." TEX. BUS. & COM.CODE ANN. § 2.314 cmt. 13. However, both proximate cause and producing cause require a plaintiff to prove that the defendant was the cause in fact of the plaintiff's injuries. *See Saenz*, 873 S.W.2d at 357. Once again, the test for cause in fact is whether the negligent "act or omission was a substantial factor in bringing about injury," without which the harm would not have occurred. *Thomas*, 234 S.W.3d at 124. Therefore, we hold that, by asserting that there is no evidence that the Motts' injuries stem from Red's acts or omissions, Red's sufficiently challenged the causation element of the Motts' products-liability, breach of implied warranty, and DTPA claims.

**Sufficient Evidence**

Having held that Red's second no-evidence motion for summary judgment sufficiently challenged the breach element of the Motts' breach of implied warranty and DTPA claims and the causation element of the Motts' products-liability, breach of implied warranty, and DTPA claims, we now must determine whether the Motts produced more than a scintilla of evidence as to the challenged elements.

■ We begin by determining whether the Motts raised a genuine issue of material fact as to Red's challenge to the breach element of their implied warranty claims. The Motts specifically addressed the challenge made to their claim for breach of the implied warranty of fitness for a particular purpose, stating that the relevant issue is whether "the Easy Rooter was fit for its intended purpose of cleaning out Mr. Mott's sewer line and not whether it was defective." They asserted that the Easy Rooter was clearly not fit for its intended purpose of cleaning their sewer line, because Larry received an electrical shock when he attempted to use it. In their response, the Motts included evidence that Larry was shocked as he attempted to use the Easy Rooter. Because this evidence raises a genuine issue of material fact on whether the machine was fit for its intended purpose, we hold that the trial court erred in granting summary judgment as to the Motts' breach of implied warranty of fitness for a particular purpose claim.

■ As for their claim for breach of the implied warranty of merchantability, the Motts' did not specifically address this warranty, but instead claimed that the Easy Rooter in question was defective. In support, they direct us to the same evidence that they used in their response to Red's first no-evidence motion for summary judgment to show that the Easy Rooter was defective. For goods to breach the implied warranty of merchantability, they must be defective, that is, they must be "unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy." *General Motors Corp. v. Brewer*, 966 S.W.2d 56, 57 (Tex.1998) (quoting *Plas–Tex*, 772 S.W.2d at 443–44). The Motts' produced some evidence showing that Larry was shocked when he attempted to use the Easy Rooter. Shocking its operator

renders a machine defective and lacking "something necessary for adequacy." *See id.* Thus, we hold that the trial court erred in granting summary judgment as to the Motts' breach of implied warranty of merchantability claim. Because the trial court erred in granting summary judgment as to both of the Motts' implied warranty claims, it also erred in granting summary judgment as to their DTPA claims based on the breach of the implied warranties.

We next decide whether the Motts raised a genuine issue of material fact as to the cause in fact portion of the causation element of their claims. In responding to this challenge, the Motts directed the trial court to the same evidence that they presented in their response to Red's first no-evidence motion. We held that this evidence was sufficient to raise a fact issue as to the causation element of the Motts' negligence claim and, likewise, hold that it is sufficient to raise a genuine issue of material fact as to whether Red's rental of a defective Easy Rooter was a substantial factor in causing Larry's shock, without which, the harm would not have occurred, under the Motts' products-liability, breach of implied warranty of fitness for a particular purpose, and DTPA claims. *See Thomas,* 234 S.W.3d at 124.

Accordingly, we hold that Red's second no-evidence motion for summary judgment was insufficient to challenge the breach element of the Motts' products-liability claim and that the trial court erred in granting Red's second no-evidence motion, because the Motts raised a question of fact concerning the causation element of their products liability claim, as well as the breach and causation elements of their breach of implied warranties and DTPA claims.

The Motts' second issue is sustained.

## Conclusion

We reverse the trial court's order granting Red's first and second no-evidence motions for summary judgment. We remand this case for further proceedings consistent with our opinion.