Opinion issued January 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00080-CV

———————————

Wayne D. Culver and Caryn Cain, Appellants

V.

Gulf Coast
Window & Energy Products, Inc., Appellee



 



 

On Appeal from the 164th District Court

Harris County, Texas



Trial Court Case No. 2008-56913

 



 

MEMORANDUM OPINION

          Wayne
D. Culver and Caryn Cain bring this appeal from the trial court’s grant of
summary judgment in favor of their former employer, Gulf Coast Window &
Energy Products, Inc., on their employment-discrimination claims.  In their sole issue, Culver and Cain argue
that GCW was not entitled to summary judgment on either the traditional or
no-evidence grounds that GCW raised in the motion.  Because Culver and Cain demonstrate on appeal
that GCW was not entitled to summary judgment on any ground raised, we reverse
the judgment of the trial court and remand for further proceedings.

Background

          Before
their respective terminations at GCW, Culver served as the Vice President of
Production and Cain served as the Chief Financial Officer.  Initially, only Culver sued GCW for breach of
a written employment agreement.  Once Cain
joined the suit as co-plaintiff, Culver added a claim for employment
discrimination on the basis of age, while Cain sued for employment
discrimination on the basis of age and gender. 
See Tex. Lab. Code Ann. § 21.051 (West 2006) (providing
cause of action for employment discrimination).

GCW moved for partial
summary judgment on Culver and Cain’s employment discrimination claims under
the traditional and no-evidence standards. 
See Tex. R. Civ. P. 166a(c) (traditional standard), 166a(i)
(no-evidence standard).  In the
no-evidence part of its summary-judgment motion, GCW asserted that the
plaintiffs had no evidence showing that the company ever employed 15 or more
employees at one time, and therefore it was not an “employer” within the
meaning of the relevant statute.  See Tex.
Lab. Code Ann. § 21.002(8) (West 2006) (defining “employer”).  GCW also asserted that the plaintiffs had no
evidence of discrimination.  To support
this assertion, GCW attached the plaintiffs’ responses to interrogatories, in
which the plaintiffs admitted that they have no documents showing that the GCW
had any animus against older or female workers.

Under the traditional
standard, GCW argued that the evidence conclusively negated at least one
element of the employment-discrimination claims, specifically, that GCW was not
an “employer” covered by the statute because the evidence showed that GCW never
had 15 or more employees at any time.  To
support this summary-judgment ground, GCW attached quarterly reports filed with
the Texas Workforce Commission showing that it employed between 8 and 12
persons each month during the last two calendar years of Culver’s and Cain’s
employment.  GCW also attached the
affidavit of its president, James Fiume, stating that the company never had
more than 12 employees at a single time during the relevant period.

          In
response to GCW’s motion, Culver and Cain asserted that GCW kept its employee
headcount under 15 by classifying its sales staff and installers as independent
contractors when they were, in reality, employees under the relevant legal test.  They argued that if these workers were
counted, GCW would have much more than the minimum 15 employees.  In support, they attached Culver’s sworn
affidavit describing facts purportedly showing that the sales staff were
employees; however, the affidavit did not indicate anything about
installers.  Culver and Cain also attached
an undated, single-page spreadsheet reflecting the names and phone numbers for
38 individuals under headings for “OFFICE,” “SALES,” and “INSTALLERS.”  This document was accompanied by Cain’s sworn
affidavit, stating that this exhibit was “a true and correct copy of a company
directory for GCW during my employment.” 
GCW employed Cain between 2003 and 2008. 
Culver and Cain additionally argued that the GCW’s annual sales of $10
million and gross profit of $5 million, as shown in the company’s financial
statements, make it “difficult to believe” that GCW employed only “a handful of
office workers.”

Addressing GCW’s
no-evidence grounds for summary judgment, Culver and Cain argued, first, that
the motion was “procedurally defective” because it was conclusory and failed to
identify the specific elements of the employment-discrimination claims not
supported by evidence, and that a no-evidence motion in this form is
impermissible.  See Tex. R. Civ. P.
166a(i) & cmts. (“The motion must state the elements as to which there is
no evidence.”).  They argued, second,
that they had evidence for each element of a prima facie
employment-discrimination claim, and they attached sworn affidavits by Culver
and Cain purporting to substantiate each element.

          Two
days before the summary-judgment hearing, GCW filed a reply in which it argued
that its salespeople were contractors, and it attached a new sworn affidavit by
Fiume describing facts purporting to show their status as such.  Culver and Cain filed an objection the next
day, arguing that Fiume’s affidavit was submitted too late under the rules of
civil procedure, and therefore it should be disregarded.  See
Tex. R. Civ. P. 166a(c) (“[T]he
motion and any supporting affidavits shall be filed and served at least
twenty-one days before the time specified for hearing.”).

          The
trial court signed an order granting GCW’s motion for summary judgment on the
employment discrimination claims, without indicating the basis for the ruling.  GCW subsequently settled Culver’s remaining
breach-of-contract claim, and the trial court signed a final judgment.  Culver and Cain brought this appeal to
challenge the trial court’s dismissal of their employment-discrimination
claims.

Analysis

I.                 
Standards
of review

          We
review a trial court’s decision to grant a motion for summary judgment de
novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  When a party moves for summary judgment under
both the traditional and no-evidence standards, we first review under the
no-evidence standard of Rule 166a(i).  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004); Tex. R. Civ. P. 166a(i).  If the nonmovant fails to produce more than a
scintilla of evidence under that burden, then there is no need to analyze
whether the movant’s proof satisfies the Rule 166a(c) burden.  Ridgway,
135 S.W.3d at 600.  When we examine a
traditional or no-evidence motion for summary judgment, we review the
summary-judgment evidence in the light most favorable to the nonmovant,
crediting evidence favorable to that party if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.  Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009)
(citing City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005)).

A no-evidence motion
for summary judgment under Rule 166a(i) is essentially a directed verdict
granted before trial, to which we apply a legal-sufficiency standard of
review.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex.
2003).  In general, a party seeking a
no-evidence summary judgment must assert that no evidence exists as to one or
more of the essential elements of the nonmovant’s claim on which the nonmovant
would have the burden of proof at trial. 
Finger v. Ray, 326 S.W.3d 285,
289–90 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  Once the movant specifies the elements on
which there is no evidence, the burden shifts to the nonmovant to raise a fact
issue on the challenged elements.  See Tex.
R. Civ. P. 166a(i) (“The court must grant the motion unless the
respondent produces summary judgment evidence raising a genuine issue of
material fact.”).  A no-evidence summary
judgment will be sustained on appeal when (1) there is a complete absence of
evidence of a vital fact, (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered by the nonmovant to
prove a vital fact, (3) the nonmovant offers no more than a scintilla of
evidence to prove a vital fact, or (4) the nonmovant’s evidence conclusively
establishes the opposite of a vital fact. 
King Ranch, 118 S.W.3d at
751.  More than a scintilla of evidence exists
when the evidence supporting the finding, as a whole, rises to a level that
would enable reasonable and fair-minded people to differ in their
conclusions.  Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).  If the evidence is so weak as to do no more
than create a mere surmise or suspicion of its existence, its legal effect is
that it is no evidence.  Ridgway, 135 S.W.3d at 601.

Under the traditional
summary-judgment standard of Rule 166a(c), the movant has the burden to show
that no genuine issues of material fact exist and that it is entitled to
judgment as a matter of law.  See
Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985).  In determining
whether there are disputed issues of material fact, we take as true all
evidence favorable to the nonmovant and indulge every reasonable inference in
the nonmovant’s favor.  Nixon, 690 S.W.2d at 548–49.  A defendant moving for summary judgment under
Rule 166a(c) must conclusively negate at least one essential element of each of
the plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 912 (Tex. 1997).

If the summary
judgment does not specify the grounds on which it was granted, the appealing
party must demonstrate on appeal that none of the proposed grounds is
sufficient to support the judgment.  Rogers v. Ricane Enters., Inc., 772
S.W.2d 76, 79 (Tex. 1989); Tilotta v.
Goodall, 752 S.W.2d 160, 161 (Tex. App. Houston [1st Dist.] 1988, writ
denied).  Because the trial court in this
case did not specify the ground upon which it relied for its ruling, we will
affirm if any theory advanced by GCW in its summary-judgment motion is
meritorious.  See Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex.
2004).

II.              
TCHRA
“employer” status

The employment-discrimination
claims asserted by Culver and Cain arise under Chapter 21 of the Texas Labor
Code, commonly referred to as the Texas Commission on Human Rights Act.  See
Tex. Lab. Code Ann. §§
21.001–.556 (West 2006 & Supp. 2011); Waffle
House, Inc. v. Williams, 313 S.W.3d 796, 798 n.1 (Tex. 2010).  The purposes of the TCHRA include providing
for the execution of the policies embodied in Title VII of the Civil Rights Act
of 1964 and its subsequent amendments (42 U.S.C. § 2000e et seq.).  See
Tex. Lab. Code Ann.
§ 21.001(1); NME Hosps., Inc. v.
Rennels, 994 S.W.2d 142, 144 (Tex. 1999). 
Because the TCHRA seeks to promote federal civil rights policy, it is
proper to look to analogous federal precedent for guidance when interpreting
the Act.  NME Hosps., 994 S.W.2d at 144; Farrington
v. Sysco Food Servs., Inc., 865 S.W.2d 247, 251 (Tex. App.—Houston [1st
Dist.] 1993, writ denied).

An entity is not
subject to liability under the TCHRA unless the plaintiff proves, among other
conditions, that the entity meets the statutory definition of “employer.”  NME
Hosps., 994 S.W.2d at 147; Miles v.
Lee Anderson Co., 339 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2011,
no pet.); Ancira Enters., Inc. v. Fischer,
178 S.W.3d 82, 88 (Tex. App.—Austin 2005, no pet.); cf. Latimer v. Wise, 193 F. Supp. 2d 899, 901 (E.D. Tex. 2001)
(“[T]he fifteen-employee requirement is a jurisdictional threshold in a Title
VII employment discrimination case.”). 
The TCHRA defines an “employer” to include “a person who is engaged in
an industry affecting commerce and who has 15 or more employees for each
working day in each of 20 or more calendar weeks in the current or preceding
calendar year.”  Tex. Lab. Code Ann. § 21.002(8)(A).  “The ‘current year’ refers to the year of the
alleged discriminatory or retaliatory act, not the date of the judgment.”  Ancira
Enters., 178 S.W.3d at 88–89 (citing
Vance v. Union Planters Corp., 279 F.3d 295, 297 (5th Cir. 2002)
(interpreting meaning of “current year” under Title VII)).  Thus, breaking the statutory definition of
“employer” into its elements as applicable to this case, Culver and Cain must
prove that GCW (1) was engaged in an industry affecting commerce and
(2) had 15 or more employees (a) for each working day in each of 20
or more calendar weeks, and (b) in calendar years 2007 or 2008.  See id.
at 89.

          Culver
and Cain produced a company directory in response to GCW’s summary-judgment
motion.  Twelve people are listed under
“SALES,” and 11 people are listed under “INSTALLERS.”  Additionally, 15 people are listed under
“OFFICE.”  Although the directory is not
dated, Cain’s affidavit states that the company directory “is a true and
correct copy of a company directory for GCW during my employment.”  Cain worked at GCW between 2003 and 2008.

Culver and Cain argue
that when the salespersons and installers in the directory are added to the
number of people GCW admits are employees, GCW had many more than 15 employees during
the requisite period.  They argue that
the company directory, at a minimum, creates a genuine issue of material fact
with respect to the number of employees that GCW had during a 20-week
period.  GCW challenges the admissibility
and sufficiency of the company directory to prove that GCW employed 15 or more
persons during any 20-week period.

A.              
Admissibility
of company directory

          As
to admissibility, GCW argues that the company directory must be excluded
because Culver and Cain did not produce it during discovery, and,
alternatively, the directory was inadmissible hearsay.  GCW concedes that it did not object in the
trial court, but contends that no objection was necessary because Culver and
Cain had represented in response to requests for production that they would
produce evidence of GCW’s employee headcount, but did not.  Culver and Cain respond that they had, in
fact, produced the company directory to GCW, noting that the copy of the
directory offered as summary-judgment evidence bears a label showing that it
was used as an exhibit during Cain’s deposition.  They also argue that GCW waived the
admissibility issue by failing to object in the trial court.

          An
objection to the admissibility of summary-judgment evidence is a challenge to
the form of that evidence.  ABT Galveston Ltd. P’ship v. Galveston Cent.
Appraisal Dist., 137 S.W.3d 146, 158 n.26 (Tex. App.—Houston [1st Dist.]
2004, no pet.).  Failure to object in the
trial court to defects in the form of summary-judgment evidence results in
waiver of the issue on appeal.  Tex. R. Civ. P. 166a(f); Grand Prairie Indep. School Dist. v. Vaughan,
792 S.W.2d 944, 945 (Tex. 1990).  Given
that GCW concedes that it did not object to the admission of the company
directory in the trial court, it has waived the objection on appeal.

B.              
Salespersons
as employees

The parties disagree
as to whether GCW’s sales staff should be classified as employees for the
purpose of satisfying the TCHRA.  To
determine whether an employment relationship exists for the purposes of the
TCHRA, Texas courts have adopted the “hybrid economic realities/common law control
test.”  See Johnson v. Scott Fetzer Co., 124 S.W.3d 257, 263 (Tex.
App.—Fort Worth 2003, pet. denied); De
Santiago v. W. Tex. Comty. Supervision & Corr. Dep’t, 203 S.W.3d 387,
396 (Tex. App.—El Paso 2006, no pet.); Thompson
v. City of Austin, 979 S.W.2d 676, 681 (Tex. App.—Austin 1998, no pet.); Guerrero v. Refugio Cnty., 946 S.W.2d
558, 566 (Tex. App.—Corpus Christi 1997, no writ), disapproved of on other grounds, NME Hosps., 994 S.W.2d at 146–47. 
This test has been developed and applied by federal courts in relation
to Title VII claims.  See Sizova v. Nat’l Inst. of Standards and
Tech., 282 F.3d 1320, 1328–29 (10th Cir. 2002); Birchem v. Knights of Columbus, 116 F.3d 310, 312–13 (8th Cir.
1997); Fields v. Hallsville Indep. School
Dist., 906 F.2d 1017, 1019–20 & n.4 (5th Cir. 1990); Spirides v. Reinhardt, 613 F.2d 826,
831–32 (D.C. Cir. 1979); cf. Schultz v.
Capital Int’l Sec., Inc., 466 F.3d 298, 304–05 (4th Cir. 2006) (applying
six-factor “economic realities” test).

The “hybrid economic
realities/common law control test” has two components: the alleged employer’s
right to control the employee’s conduct, and the economic realities of the
relationship.  Johnson, 124 S.W.3d at 263; Fields,
906 F.2d at 1019–20.  The control
component, which is the more important component of the test, focuses on
whether the alleged employer has the right to hire, fire, supervise, and set
the schedule of the alleged employee.  Johnson, 124 S.W.3d at 263; Fields, 906 F.2d at 1019.  The economic-realities component considers
the following factors:

1)    the kind of occupation, with reference to
whether the work usually is done under the direction of a supervisor;

2)    the skill required in the particular
occupation;

3)    whether the “employer” or the individual in
question furnishes the equipment used and the place of work;

4)    the length of time during which the
individual has worked;

5)    the method of payment, whether by time or by
the job;

6)    the manner in which the work relationship is
terminated; i.e., by one or both parties, with or without notice and
explanation;

7)    whether annual leave is afforded;

8)    whether the work is an integral part of the
business of the “employer”;

9)    whether the worker accumulates retirement
benefits;

10)  whether the “employer” pays social security
taxes; and

11)  the intention of the parties.

Guerrero,
946 S.W.2d at 566 (citing Fields, 906
F.2d at 1020 n.4).  No single factor of
the economic-realities component is dispositive.  See
Guerrero, 946 S.W.2d at 567; see also
Schultz, 466 F.3d at 305.

          Culver’s
affidavit alleges several facts about GCW’s sales staff that are relevant to
the hybrid test: GCW told sales staff where to go, when to work, and how to do
their jobs; the sales staff performed their jobs in the manner that GCW
directed; Fiume set their hours; sales staff often wore shirts bearing the GCW
name; GCW could and did fire sales staff members; the sales staff worked at
GCW’s facility on a permanent basis; sales staff worked full-time every day of
the week, except when taking leave for sick days, holidays, and vacations; and
GCW’s customers paid GCW directly, and GCW in turn paid the sales staff.  Fiume’s affidavit filed in reply to this
summary-judgment evidence disputes many of these facts.  However, because we must consider the
summary-judgment evidence in the light most favorable to Culver and Cain as
nonmovants, see Fielding, 289 S.W.3d at 848, Culver’s affidavit provides more than
a scintilla of evidence in favor of classifying GCW’s sales staff as employees under
both the control component and the economic realities component of the hybrid
test.  Thus, summary judgment in favor of
GCW would not have been appropriate on either the no-evidence basis—that there
is no evidence that GCW’s salespersons were employees—or the traditional basis—that
GCW had conclusively negated the employee-status of its salespersons.  See Ridgway,
135 S.W.3d at 600; Martinez, 941
S.W.2d at 911.

C.              
Number
of employees during a 20-week period

Assuming that the
salespersons should be counted as employees, we next consider what the
summary-judgment evidence showed concerning the total number of GCW’s employees.  GCW contends that the company directory “is
the only way to reach a count of fifteen employees,” and that because the
company directory does not show the listed individuals’ status as employees or
their dates of employment, Culver and Cain have not met their burden to prove
GCW’s employee headcount during any 20-week period.  Culver and Cain argue that GCW did not
advance this argument as a ground for summary judgment in the trial court,
because the dispute there concerned whether GCW’s salespersons and installers
should be deemed employees for the purpose of the TCHRA, not whether the plaintiffs
could prove that GCW had the requisite number of employees during the requisite
period.

We will first examine
whether GCW advanced the minimum headcount and time period issues in its
summary-judgment motion.  In the
traditional section of GCW’s summary-judgment motion, GCW stated:

In order for
Gulf Coast to qualify as an employer for jurisdictional purposes under Title 7,
it must have had at least 15 employees on its payroll for at least twenty weeks
during a single calendar year.

. . . 

Gulf Coast’s
Partial Summary Judgment evidence shows that it never had as many as 15
employees in a single quarter.  It
follows that it never had fifteen employees in a single week.  It certainly never had 15 employees for at
least 20 weeks in a single year.

In the no-evidence section of its
summary-judgment motion, GCW stated:

On or about
November 9, 2009—fourteen months after this suit was filed—Plaintiffs made a
Response to Request for Production.  See
Exhibit 3.  Request No. 15 asks for “All
documents in your possession or control which you assert show that Defendant
had fifteen (15) or more employers at the time [Plaintiffs] filed [their] EEOC
complaint[s]:”  Plaintiffs responded
“Plaintiffs will produce the documents in question.”  No documents were attached to the Response or
have been produced.

. . .

Defendant would
respectfully show that Plaintiffs have no evidence that Defendant ever had
fifteen or more employees.

The above excerpts show that GCW’s
summary-judgment motion advanced substantially the same arguments that it now
makes on appeal concerning its employee headcount.  Therefore, this was a ground on which the
trial court might have based its order granting summary judgment, and we will
uphold the trial court’s order if this theory is meritorious.  Rogers,
772 S.W.2d at 79.

          To
support its argument that Culver and Cain have provided insufficient evidence of
its employee headcount, GCW relies on Ancira
Enterprises, Inc. v. Fischer, 178 S.W.3d 82 (Tex. App.—Austin 2005, no
pet.).  The Third Court of Appeals in Ancira Enterprises considered whether
there was legally and factually sufficient evidence to uphold a plaintiff’s
verdict on a TCHRA claim against an employer who disputed that it had 15 or
more employees during 20 calendar weeks. 
Ancira Enters., 178 S.W.3d at
90.  The company’s phone list, reflecting
the names and phone numbers of 32 employees, formed part of the trial record.  Id.
at 91.  In the end, the court of appeals
upheld the jury’s verdict against the legal and factual sufficiency challenges,
but its disposition rested on much more than the phone list.  Extensive trial testimony and exhibits
demonstrated that at least 15 specific individuals had been employed by the
company during the requisite period.  Id. at 90–91.  Reviewing this evidence, the court of appeals
meticulously reconstructed a list of 15 employees and their respective dates of
employment to show the legal and factual sufficiency of the evidence.  Id.  By contrast, the court observed that the
phone list and other non-specific evidence about employees and their employment
dates, “standing alone,” was insufficient to establish the company as a
statutory employer.  Id. at 91–92.

          The
summary-judgment evidence in this case is distinguishable from the phone list
in Ancira Enterprises, because the
purported company directory does not stand alone.  Cain’s affidavit states that the company
directory is a true and correct copy of GCW’s directory during her employment,
and Culver’s affidavit states facts that, if true, classify the salespersons as
employees.  In reviewing summary-judgment
evidence, we must credit all evidence in favor of Culver and Cain as the
nonmovants.  See Fielding, 289 S.W.3d at 847. 
When the company directory and Cain’s affidavit are considered in the
light most favorable to Culver’s and Cain’s claims, the evidence permits an
inference that there were 12 salespersons working for GCW during the last two
calendar years of Culver’s and Cain’s employment.  Upon adding these 12 salespersons to the
number of undisputed GCW employees, the totality of summary-judgment evidence permits
an inference that GCW had over 15 employees on each working day for 20 or more
calendar weeks in calendar years 2007 or 2008.  Because there was more than a scintilla of evidence
creating a question of material fact on whether GCW had 15 or more employees during
the requisite period, summary judgment in favor of GCW would not have been
appropriate on either the no-evidence or traditional basis.  See
Ridgway, 135 S.W.3d at 600; Martinez,
941 S.W.2d at 911.

III.          
No
evidence of discrimination

As an alternative
ground in its summary-judgment motion, GCW argued that Culver and Cain had no
evidence of discrimination.  Culver and
Cain argue that this part of the motion is defective because it is conclusory
and does not state the elements for which there is allegedly no evidence.  They alternatively argue that their
affidavits presented evidence on each element of a prima facie case for
discrimination.  GCW argues that it
sufficiently specified the basis of its no-evidence motion, and that Culver and
Cain’s affidavits are not adequate summary-judgment proof because they contain
only conclusory statements and opinions.

          A
no-evidence motion for summary judgment “must state the elements as to which
there is no evidence.”  Tex. R. Civ. P. 166a(i).  As the comments to Rule 166a(i) explain, “The
motion must be specific in challenging the evidentiary support for an element
of a claim or defense; paragraph (i) does not authorize conclusory motions or
general no-evidence challenges to an opponent’s case.”  Tex.
R. Civ. P. 166a(i) cmt. 1997.  The
underlying purpose of this requirement is to provide the opposing party with
adequate information for opposing the motion, and to define the issues for the
purpose of summary judgment.  Timpte Indus., Inc. v. Gish, 286 S.W.3d
306, 311 (Tex. 2009).  This purpose is
analogous to the purpose of the fair-notice pleading requirement.  Id.;
see Tex.
R. Civ. P. 45(b) & 47(a).  “A
no-evidence challenge that only generally challenges the sufficiency of the
non-movant’s case and fails to state specific elements is fundamentally
defective and insufficient to support summary judgment as a matter of law.”  Mott v.
Red’s Safe & Lock Servs., Inc., 249 S.W.3d 90, 98 (Tex. App.—Houston
[1st Dist. 2007, no pet.).  Additionally,
if the motion challenges the nonmovant’s proof on a matter that is not an
element of its case, the challenge is insufficient.  See id.

The elements of a
prima facie case of employment discrimination under the TCHRA are: (1) plaintiff
was a member of a protected class; (2) plaintiff suffered an adverse
employment action; and (3) non-protected class employees were not treated
similarly.  Greathouse v. Alvin Indep. School Dist., 17 S.W.3d 419, 423 (Tex.
App.—Houston [1st Dist.] 2000, no pet.) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct.
1817, 1824 (1973)).  Once a plaintiff has
established a prima facie case of unlawful discrimination, the employer then
has the burden of producing evidence of legitimate reasons for its
actions.  Tex. Dep’t of Human Servs. v. Hinds, 904 S.W.2d 629, 636 (Tex.
1995) (citing McDonnell Douglas, 411
U.S. at 802–805, 93 S. Ct. at 1824–26).  After
the employer has met its burden of producing evidence of legitimate reasons,
then the burden returns to the employee to present either evidence showing that
the given reasons are pretexts for discrimination, or direct evidence of
discriminatory animus.  Quantum Chem. Corp. v. Toennies, 47
S.W.3d 473, 476 (Tex. 2001); Hinds,
904 S.W.2d at 636.  If the employee presents
direct evidence of discriminatory animus, the burden of proof shifts once again
to the employer to show that legitimate reasons would have led to the same
decision regardless of any discriminatory motives.  Toennies,
47 S.W.3d at 476 (citing Price Waterhouse
v. Hopkins, 490 U.S. 228, 244–45, 109 S. Ct. 1775, 1787–88 (1989)).

          GCW
articulated its no-evidence challenge to Culver’s and Cain’s employment-discrimination
claims as follows:

          . . . In Response to
Requests 12, 13 and 14—which ask for documents showing Defendant’s alleged
animus against older workers, female workers and older female workers,
respectively—Plaintiffs answered “None.”

          . . . They have no
evidence of discrimination.  The
allegations of discrimination in this case are frivolous and more in the nature
of a conspiracy to blackmail Defendant than a legitimate cause of action.

To the extent that GCW’s motion
challenged Culver and Cain’s evidence of animus, it fails because Culver and
Cain did not have the burden to prove GCW’s animus until GCW offered evidence
of a legitimate reason for terminating Culver and Cain.  See
Hinds, 904 S.W.2d at 636.  GCW did
not offer any such evidence in its motion for summary judgment or attached
proof; thus, until GCW offered evidence of a legitimate reason for the
terminations, Culver and Cain had the burden only to prove a prima facie case
of discrimination, and animus is not an element of such a prima facie case.  See id.;
Greathouse, 17 S.W.3d at 423.  Furthermore,
to the extent that GCW’s motion challenged the elements of Culver’s and Cain’s
prima facie case of discrimination, the motion failed to state the elements on
which there was allegedly no evidence, and therefore the no-evidence challenge
was insufficient as a matter of law.  See Mott, 249 S.W.3d at 98.

          Because
none of the grounds presented in GCW’s motion for summary judgment are
meritorious, GCW was not entitled to summary judgment.  Accordingly, we sustain Culver and Cain’s
sole issue.

Conclusion

          We reverse the judgment of the trial
court and remand the cause for proceedings consistent with this opinion.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Massengale.