**Opinion issued November 19, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00925-CV

————————————

**MARGARET DARLING HAMILTON, AS TRUSTEE OF THE JOAN CAROL DEYOUNG-BURLAND TRUST, STEPHEN DEYOUNG, M.D., AND DAVID DEYOUNG, Appellants**

**V.**

**WILLIAM L. MAYNARD, AS EXECUTOR OF THE ESTATE OF JUDY PAGE MAYNARD, WILLIAM L. MAYNARD, AND MAYNARD PROPERTIES, L.P., Appellees**

On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2011-18770

## MEMORANDUM OPINION

The trial court granted a no-evidence summary judgment. We reverse its judgment and remand for further proceedings consistent with our opinion.

# BACKGROUND

Joan DeYoung, Stephen DeYoung, and David DeYoung sued Judy Page Maynard, William L. Maynard, Maynard Properties, L.P., and the law firm Beirne, Maynard & Parsons, L.L.P. alleging that these defendants misappropriated property belonging to a partnership in which each of the DeYoungs held a 3.596 percent ownership interest. Joan and Judy both passed away while this suit was pending. Beirne, Maynard & Parsons obtained summary judgment and the DeYoungs' claims against it were severed. The law firm is not a party to this appeal.

The DeYoungs asserted the following claims against the remaining defendants:

- breach of fiduciary duty against all the remaining defendants;

- conversion against Bill and Judy, who was later replaced as a defendant by Bill in his capacity as the executor of Judy's estate; and

- breach of contract against Judy, who again was replaced as a defendant by Bill in his capacity as the executor of her estate.

The DeYoungs also asserted a claim for breach of the duty of loyalty and care, but they later nonsuited this claim.

The defendants filed a consolidated no-evidence and traditional motion for summary judgment. In their no-evidence motion, the defendants did not state the elements of the DeYoungs' three claims or specify the challenged elements of these claims by name. In its entirety, their no-evidence motion read:

2

Defendants contend that entry of a no evidence summary judgment is proper based on the following:

> There is No Evidence that Defendants Judy Page Maynard, William L. Maynard or Maynard Properties, L.P. Engaged in any Conduct Harmful to Plaintiffs or to Their Own Benefit.

Plaintiff[s] cannot show any evidence that Defendants wrongfully engaged in any transactions that injured Plaintiffs or that Defendants received any personal benefit as a result of transactions related to the sale of partnership property. Proving these claims are obviously essential to Plaintiffs' assertions. There are no depositions, answers to interrogatories, admissions on file, or any other admissible evidence to support the Plaintiffs' claims. In the absence of such evidence, Plaintiffs cannot establish any evidence sufficient to sustain their case against Defendants. Thus, Defendant[s'] motion for summary judgment should be granted.

The defendants sought traditional summary judgment based on the affirmative defense of limitations.

In the DeYoungs' response opposing summary judgment, they argued that the trial court should deny the defendants' no-evidence motion because it failed to identify the specific elements of each claim being challenged as required by the no-evidence summary-judgment rule. The DeYoungs argued that the trial court should deny the defendants' traditional motion for summary judgment based on limitations "because they did not negate the discovery rule as a matter of law."

The defendants filed a reply, in which they reasserted their limitations defense. The reply did not address no-evidence summary judgment.

3

The trial court granted the defendants' no-evidence motion for summary judgment. The summary judgment did not address the defendants' motion for traditional summary judgment based on limitations.

After the trial court granted summary judgment but before this appeal was filed, the DeYoungs filed a supplemental petition pleading the discovery rule. They had not previously included the defense in their pleadings.

The DeYoungs now appeal from the no-evidence summary judgment.

## DISCUSSION

The DeYoungs argue the trial court erred in granting no-evidence summary judgment because the defendants did not challenge specific elements of the DeYoungs' three claims. The defendants do not address this argument in their appellate brief, except to assert that their summary-judgment motion provided fair notice of their contention that there was no evidence that the defendants "engaged in any transactions that injured" the DeYoungs.

Instead, the defendants respond that this court should affirm the trial court's summary judgment because the DeYoungs did not provide any evidence:

- that Judy was a partner who owed them a fiduciary duty (and all other fiduciary-duty claims are derivative of the one against her);

- of an injury or damages to support their conversion claim; or

- that Judy was a party to a partnership agreement or other contract.

4

In addition, the defendants argue that we should affirm the trial court's judgment on the alternative basis of limitations.

## Standard of Review and Applicable Law

We review summary judgments de novo. *KMS Retail Rowlett v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). In a de novo review, we give no deference to the trial court's summary-judgment ruling and redetermine each issue for ourselves. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).

A party may seek summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which an adverse party will bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). The party's "motion must state the elements as to which there is no evidence." *Id.* To satisfy this requirement, the party "must specifically identify the challenged elements." *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017). The no-evidence summary-judgment rule's language mandates "strict enforcement of this requirement." *Id.* Thus, a party may not challenge an indeterminate subset of a claim's elements. *See id.* at 695–96 (challenge to "one or more" or "any of" elements of claim "is insufficient to support summary judgment because this language does not clearly identify which elements, whether some or all, are challenged"). Nor may a party challenge the factual theories or allegations underlying a claim without connecting that challenge to a specific element of the claim. *Jose Fuentes Co. v. Alfaro*, 418

S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied). A no-evidence motion that fails to specifically identify the challenged elements "is fundamentally defective and insufficient to support summary judgment as a matter of law." *Mott v. Red's Safe & Lock Servs.*, 249 S.W.3d 90, 98 (Tex. App.—Houston [1st Dist.] 2007, no pet.). If the motion specifically identifies the challenged elements, then the burden shifts to the nonmovant to produce more than a scintilla of evidence in support of each one to avoid no-evidence summary judgment. *See B.C. v. Steak N Shake Operations*, 598 S.W.3d 256, 259 (Tex. 2020) (per curiam); *KMS Retail*, 593 S.W.3d at 181.

The trial court granted the defendants' no-evidence summary-judgment motion but did not rule on their traditional summary-judgment motion. When a trial court's order specifies a particular basis for summary judgment, we must review the particular grounds the trial court ruled on and that the movant preserved for appellate review and are necessary for final disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). We may also consider other summary-judgment grounds that were before the trial court but on which it did not rule, if doing so serves the interest of judicial economy. *Id.* We cannot affirm summary judgment on grounds the movant did not assert in the motion. *McAllen Hosps. v. State Farm Cty. Mut. Ins. Co.*, 433 S.W.3d 535, 542 (Tex. 2014).

## Analysis

### *The Defendants' No-Evidence Motion Is Fundamentally Defective*

The DeYoungs alleged claims for breach of fiduciary duty, conversion, and breach of contract. The elements of each of these claims are distinct.

The elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) breach of the duty; (3) causation; and (4) damages. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017).

The elements of a conversion claim are: (1) the plaintiffs owned or possessed property or were entitled to possess it; (2) the defendants unlawfully assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiffs' rights; (3) the plaintiffs demanded return of the property; and (4) the defendants refused to return the property. *Universal Plant Servs. v. Dresser-Rand Grp.*, 571 S.W.3d 346, 363 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

The elements of a contract claim are: (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages from the breach. *S & S Emergency Training Sols. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

In their no-evidence summary-judgment motion, the defendants neither stated the elements of the DeYoungs' claims nor identified which ones the defendants challenged. The defendants instead asserted that there was no evidence that they had:

- engaged in any conduct harmful to the DeYoungs;

- "wrongfully engaged in any transactions that injured" the DeYoungs; or

- "received any personal benefit as a result of transactions related to the sale of partnership property."

These no-evidence challenges do not correspond to specific elements of the DeYoungs' claims. Most of the defendants' challenges are reasonably susceptible to more than one meaning, and this ambiguity remains whether they are read together or individually. Read together, the defendants' no-evidence challenges plausibly could be interpreted as denying that the defendants committed any wrongful acts or that the defendants' acts, wrongful or not, caused injury to the plaintiffs or caused any damages. Read individually, the defendants' challenge that they did not engage in any conduct harmful to the DeYoungs could be read as denying causation or damages. The defendants' challenge that they did not wrongfully engage in any transaction that injured the DeYoungs could be read as denying wrongdoing, causation, damages, or some combination of the three. Finally, while the defendants' denial that they benefited from the sale of partnership property challenges the factual theory underlying the DeYoungs' suit, the defendants did not connect this factual challenge to a specific element of any of the DeYoung' three claims.

When, as here, the elements challenged are not specifically identified in the no-evidence motion, we will not "read between the lines, infer, or glean from the pleadings or proof" the grounds for summary judgment. *Kadhum v. Homecomings Fin. Network*, No. 01-05-00705-CV, 2006 WL 1125240, at *4 (Tex. App.—Houston

8

[1st Dist.] Apr. 27, 2006, pet. denied) (mem. op.); *see, e.g., Culver v. Gulf Coast Window & Energy Prods.*, No. 01-11-00080-CV, 2012 WL 151464, at *8 (Tex. App.—Houston [1st Dist.] Jan. 19, 2012, pet. denied) (mem. op.) (motion asserting "no evidence of discrimination" insufficient as matter of law because it failed to challenge specific element of employment-discrimination claim). Because we can only speculate as to the specific elements challenged by the defendants in their no-evidence summary-judgment motion, it "is fundamentally defective and insufficient to support summary judgment as a matter of law." *Mott*, 249 S.W.3d at 98.

On appeal, the defendants argue that their no-evidence motion gave fair notice of the challenged elements. But in their appellate brief, the defendants do not set forth the elements of the DeYoungs' claims, state which of these specific elements their motion implicitly challenged, or explain how the motion gave fair notice that it did so. At any rate, even if the defendants' fair-notice argument was more persuasive, we have refused to recognize a fair-notice exception to the specificity requirement of the no-evidence summary-judgment rule. *Id.*; *accord Jose Fuentes Co.*, 418 S.W.3d at 286–87. A fair-notice exception would contravene the directive for "strict enforcement of this requirement." *Cmty. Health*, 525 S.W.3d at 695.

### *We Cannot Sustain Summary Judgment on Unasserted Grounds*

The defendants argue that we should affirm summary judgment on several other no-evidence grounds. They assert that there is no evidence that Judy was a

partner of the partnership or a party to the partnership agreement or another contract and that there likewise is no evidence of damages that could support a claim for conversion. But the defendants did not assert any of these grounds in their no-evidence summary-judgment motion, and we cannot affirm summary judgment on grounds not asserted in the motion. *McAllen Hosps.*, 433 S.W.3d at 542.

### *We Decline to Rule on the Defendants' Limitations Argument*

The defendants asserted the affirmative defense of limitations as a basis for traditional summary judgment in the trial court. Though the trial court did not rule on this motion, we have discretion to consider this alternative ground if judicial economy is served by doing so. *Cates*, 927 S.W.2d at 626. The defendants argue that we ought to do so because "this case has been pending for just shy of nine years" and is meritless. On the record before us, however, we decline to do so.

Consideration of the defendants' limitations defense will not serve judicial economy because this defense could not dispose of all the DeYoungs' claims even if it has merit. The DeYoungs filed suit in March 2011. Some of their complaints arise from property transfers in the 1990s. But others arise from property transfers in April and May 2010. These later transfers, occurring less than a year before the filing of suit, are not susceptible to a limitations defense, a fact which the defendants tacitly concede in their appellate brief. Thus, assuming but not deciding the defendants' limitations defense has merit, this defense would not dispose of the suit.

10

We would still have to remand the case to the trial court for further proceedings as to the claims not barred by limitations. Moreover, the DeYoungs' invocation of the discovery rule potentially complicates the application of limitations to their claims arising from property transfers in the 1990s. Given these circumstances and the state of the appellate briefing, which does not address the issues of limitations and the discovery rule in detail, we decline to consider the defense in the first instance. *Cf. Cates*, 927 S.W.2d at 626 (refusing to consider other grounds for summary judgment not ruled on by trial court because briefing focused on other issues).

## CONCLUSION

We reverse the trial court's no-evidence summary judgment and remand this cause to the trial court for further proceedings consistent with our opinion.


Gordon Goodman
Justice

Panel consists of Justices Kelly, Goodman, and Countiss.

11